■ LOIS MEDIATORE, Also Known as LOIS WHITESTONE, Appellant, v NICHOLAS A. MEDIATORE, JR., Respondent.—In an action for divorce, in which the defendant husband interposed a counterclaim for divorce, plaintiff appeals from (1) stated portions of a judgment of the Supreme Court, Suffolk County, entered May 3, 1978, which, after a nonjury trial, *inter alia,* granted defendant a judgment of divorce on the ground of abandonment; (2) so much of an order of the same court, entered May 8, 1978, as denied that branch of her motion which sought to compel defendant to pay the cost of transcription of the stenographic minutes of the trial; (3) so much of a further order of the same court, entered May 31, 1978, as, upon reargument of the May 8, 1978 order, adhered to the original determination; and (4) a third order of the same court, entered August 22, 1978, which denied plaintiff's motion to require the County of Suffolk to pay the cost of transcription of the afore-mentioned minutes. Appeal from the order entered May 8, 1978, dismissed as academic. That order was superseded by the order entered upon reargument on May 31, 1978. Appeals from the orders entered May 31, 1978 and August 22, 1978, dismissed as academic. By order of this court dated September 25, 1978, plaintiff was granted leave to prosecute the instant appeals as a poor person. Judgment modified, on the law, by deleting the second decretal paragraph thereof, which granted a divorce to defendant on his counterclaim, and substituting therefor a provision dismissing the counterclaim. As so modified, judgment affirmed insofar as appealed from, and case remitted to Special Term for reconsideration of its determinations (1) denying plaintiff alimony and exclusive possession of the marital home, (2) setting visitation, and (3) awarding counsel fees. Plaintiff is awarded one bill of costs. Plaintiff commenced the instant action for divorce alleging cruel and inhuman treatment and abandonment. The husband counterclaimed for divorce on the ground of cruel and inhuman treatment. After trial, the court granted the plaintiff a divorce on the ground of adultery, and defendant a divorce on the ground of abandonment. No appeal from the judgment of divorce as against the husband has been taken. The evidence at trial failed to demonstrate that the plaintiff had constructively abandoned the marriage for a full year prior to September, 1975, when, according to the husband's testimony, the parties consensually

separated (see Domestic Relations Law, § 170, subd [2]). Accordingly, defendant was not entitled to a judgment of divorce on his counterclaim. In light of the foregoing, the court should reconsider its decisions denying plaintiff alimony and exclusive possession of the marital home, and also its determinations concerning visitation and counsel fees. Titone, J. P., Suozzi, O'Connor and Shapiro, JJ., concur.